## Commonwealth ex rel. Brown v. Rundel

*James Brown, p. p.*, relator.

*A. Specter*, for respondent.

GLEESON, J., May 27, 1963.—In the instant petition for writ of habeas corpus, petitioner complains of certain irregularities in his arrest and trial. Petitioner's contentions fall into two categories:

1. The sufficiency and credibility of the evidence on which he was convicted, and

2. An illegal arrest resulting in the introduction of illegally obtained evidence at his trial in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

We believe that neither category is subject to review by writ of habeas corpus. Errors involving the sufficiency and credibility of evidence must be raised by appeal rather than by collateral attack: Commonwealth ex rel. Mitchell v. Myers, 16 D. & C. 2d 253, (1958), affirmed per curiam 188 Pa. Superior Ct. 544.

Errors involving illegally obtained evidence which is inadmissible under the doctrine of Mapp v. Ohio, 367 U. S. 643 (1961), are likewise not subject to review by writ of habeas corpus: Commonwealth ex rel. Stoner v. Myers, 199 Pa. Superior Ct. 341 (1962).

Having found the petition for writ of habeas corpus without properly reviewable matter, we accordingly discharged the rule and dismissed the petition.